## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZHEJIANG ZHOULI INDUSTRIAL CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Court No. 22-00177 |

## COMPLAINT

Plaintiff Zhejiang Zhouli Industrial Co., Ltd. ("Zhouli"), by and through its attorneys, Fox Rothschild LLP, alleges and states as follows:

### THE ADMINISTRATIVE DECISION TO BE REVIEWED

1. Plaintiff Zhouli contests certain aspects of the final determination of the countervailing duty investigation *Certain Walk-Behind Snow Throwers and Parts Thereof from the People's Republic of China* (C-570-142), issued by the International Trade Administration of the United States Department of Commerce ("Commerce"). The contested determination covered Plaintiff's exports of snow throwers to the United States that were made between January 1, 2020, and December 31, 2020.

2. Commerce issued the contested final determination on March 21, 2022. Notice of the final determination was published in the Federal Register on March 29, 2022. *See Certain Walk-Behind Snow Throwers and Parts Thereof from the People's Republic of China: Final Affirmative Countervailing Duty* Determination, 87 Fed. Reg. 17987 (March 29, 2022). The

1

findings and conclusions of the contested determination were set forth in an accompanying Issues and Decision Memorandum for the Final Determination, dated March 21, 2022 ("Final I&D Memo").   The final determination calculated a countervailing rate to 203.06 % for Plaintiff Zhouli.

3.      Subsequent to a finding of material injury by the U.S. International Trade Commission, the 203.06% countervailing duty rate for Zhouli was incorporated into a countervailing duty order. The countervailing duty order was published by Commerce in the *Federal Register* on May 19, 2022, as *Certain Walk-Behind Snow Throwers and Parts Thereof from the People's Republic of China: Antidumping and Countervailing Duty Orders,* 87 Fed. Reg. 30448 (May 19, 2022).

## JURISDICTION

4.      Plaintiff brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and § 1516a(a)(2)(B)(i) to contest the aforesaid final determination. This Court has sole jurisdiction over this matter under 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

## STANDING

4.      Plaintiff, a producer and exporter to the United States of walk-behind snow throwers, is an interested party within the meaning of 19 U.S.C. § 1677(9)(A) and 19 U.S.C. § 1516a(f)(3). As an interested parties that actively participated in the underlying administrative proceeding, Plaintiff has standing to bring this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(e).

## TIMELINESS

5.      This action is timely as this Complaint is being filed within 30 days of the filing

of the Summons that initiated this case. *See* Rule 3(a)(2) of the Rules of the U.S. Court of International Trade and 28 U.S. § 2636 (c).

## STANDARD OF REVIEW

6. This Court reviews final determinations of countervailing duty investigations issued by Commerce pursuant to 19 U.S.C. § 1671d(a)(1) to determine whether they are "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. § 1516a (b)(1)(B)(i).

## STATEMENT OF FACTS

7. Commerce initiated the contested countervailing duty investigation on April 26, 2021. *Certain Walk-Behind Snow Throwers from the People's Republic of China: Initiation of Countervailing Duty Investigation*, 86 Fed. Reg. 22022 (April 26, 2021). Plaintiff Zhouli participated in the investigation as a mandatory respondent.

8. Zhouli responding fully to all questionnaires and information requests issued by Commerce in a complete and timely manner. On May 24, 2021 Zhouli responded to Commerce's request that Zhouli further explain its relationship with its affiliate Wuyi Zhouyi Mechanical & Electrical Co., Ltd. ("Wuyi Zhouyi"). On June 6, 2021, Zhouli responded to the Affiliations Portion of the Section III Questionnaire. On July 12, 2021 Zhouli responded to the remaining portions of the Section III Questionnaire. On July 23, 2021, Zhouli responded to Commerce's Supplemental Section III Questionnaire. On August 11, 2021 Zhouli Responded to Commerce's Second Supplemental Section III Questionnaire. On the same date Zhouli submitted a full Section III Questionnaire Response for its affiliate Wuyi Zhouyi.

9. On August 27, 2021, Commerce issued its preliminary determination, in which Commerce used the information submitted by Zhouli to calculate a countervailing duty rate for

Zhouli equal to 12.86%.  *Certain Walk-Behind Snow Throwers and Parts Thereof from the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination and Alignment of Final Determination with Final Antidumping Duty Determination,* 86 Fed. Reg. 17988 (September 10, 2021).

10.  Due to the ongoing Covid 19 crisis, Commerce suspended on-site verifications of questionnaire responses in its antidumping and countervailing duty proceedings.  During this period, in place of on-site verifications, Commerce issued questionnaires in lieu of on-site verifications. In this case, Commerce issued a verification questionnaire to Zhejiang Zhouli on October 11, 2021 in lieu of performing an on-site verification.  Commerce Letter to Zhouli dated October 11, 2021 at page 1.  The due date for the verification response was October 18, 2021. *Id.* at page 2.

11.  The attorney responsible for the filing of Zhouli's Verification Response mistakenly believed that the due date for the Verification Response was October 19, 2021, rather than October 18, 2021.  Nevertheless, by the afternoon of October 18, 2021, the proprietary and public versions of the verification response were largely complete in anticipation of the incorrect filing date for the next day.  *See* Zhouli Letter Requesting Reconsideration of Rejection of the Verification Response, dated November 9, 2021 at page 2.

12.  Shortly before the 5:00 p.m. deadline on October 18, 2021, a paralegal alerted counsel of the pending deadline.  Realizing his mistake, and in the absence of time to submit a formal extension letter to Commerce prior to the actual deadline, counsel telephoned the Commerce Program Manager responsible for the case an left a message prior to the 5:00 PM deadline.  *See* Commerce Letter to Zhouli dated November 1, 2021: Rejection of Untimely Submission Filed by Zhouli, at fn.3.  Counsel followed up the telephone message with an email.

Both the telephone message and the email explained counsel's mistake in identifying the deadline for the submission and requested that Commerce accept the filing of the verification response, which would be made within the next hour. *See Id*. at Attachment 1.

13.      Counsel promptly completed the preparation of the proprietary and public versions of the Zhouli Verification Response for filing with Commerce. Part I of the business proprietary version of the Zhouli Verification Response was filed at 5:26 p.m.; Part II of the business proprietary version of the Zhouli Verification Response was filed at 5:27 p.m.; and the public version was filed at 5:30. Consequently, both the proprietary and public versions of the Zhouli Verification Response was filed within one half-hour of the actual deadline. All parties to the investigation were served promptly with the public version of the Zhouli Verification response on the date of submission. All authorized parties were served with the business proprietary version of the Zhouli Verification Response through Commerce's ACCESS system the following business day.

14.      On November 1, 2021, Commerce rejected the proprietary and public versions of Zhouli's Verification Response that were filed on October 18, 2021, on the basis that they were filed after the 5:00 pm deadline for their submission on that date and that no extension request had been filed prior to the deadline. Commerce Letter to Zhouli dated November 1, 2021, *supra* at page 1. Commerce removed the proprietary and public versions of the Zhouli Verification Response from the record of this proceeding. *Id*. at page 2.

15.      On November 9, 2021, Zhouli submitted a letter to Commerce, requesting reconsideration of Commerce's rejection of the Verification Response submissions. Therein, Zhouli explained the circumstances of the late submission and argued that rejection of the Zhouli Verification Response and was a drastic measure that was not warranted for a filing that was

only 30 minutes late.  *See* Zhouli Letter to Commerce dated November 9, 2021: Request for Reconsideration of Zhouli's Verification Response.

16. Commerce denied Zhouli's request for reconsideration.  Commerce reiterated that the submissions were rejected because they were untimely filed and unaccompanied by a timely filed extension request.  *See* Commerce Letter to Zhouli dated November 15, 2021: Zhouli's Request for Reconsideration at. 1.

17. On November 22, 2021, Zhouli filed a case brief in which it argued that under the circumstances of this case, Commerce's rejection of Zhouli's Verification Responses constituted as abuse of administrative discretion and that in the final determination Commerce should reverse the rejection of the verification response and calculate a subsidy rate for Zhouli based upon its submissions to Commerce during the investigation.

18. On March 29, 2022, Commerce published the final determination in the Federal Register.  Due to Zhouli's failure to submit its Verification Response in a timely manner, Zhouli's subsidy rate was based on total adverse facts available.  Zhouli was subjected to a subsidy rate of 203.06%, more than fifteen times the rate found in the preliminary determination and equal to the subsidy rate applied to companies that refused to participate whatsoever in Commerce's investigation.

19. Subsequent to an affirmative determination of material injury by the U.S. International Trade Commission, Commerce published the countervailing duty order in the *Federal Register* on May 19, 2022.  See *Certain Walk-Behind Snow Throwers and Parts Thereof from the People's Republic of China: Antidumping and Countervailing Duty Orders,* at 87 Fed. Reg. 30448 (May 19, 2022).  On June 21, 2022, Zhouli filed a timely Summons to contest Commerce's final determination in the countervailing duty investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

a) hold that Commerce's rejection of Zhouli's verification response, which resulted in Commerce's reliance upon total adverse facts available in the final determination, constituted an abuse of administrative discretion, was unsupported by substantial evidence in the administrative record and was otherwise not in accordance with law; and

b) remand the final determination to Commerce with instructions to recalculate the final subsidy rate for mandatory respondent Zhouli using the information it provided to Commerce in its questionnaire responses and in the verification response; and

c) provide further and other relief in accordance with the Court's decision.

        Respectfully submitted,

        */s/ Ronald M. Wisla*
        Lizbeth R. Levinson
        Ronald M. Wisla
        Brittney R. Powell

        FOX ROTHSCHILD LLP
        2020 K Street,
        NW Suite 500
        Washington, DC  20006
        Tel: (202) 794-1183
        Email: rwisla@foxrothschild.com

        *Counsel to Plaintiff Zhejiang Zhouli Industrial Co., Ltd.*

July 21, 2022